# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                                    **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:23-CV-P185-JHM**

**ATTORNEY GENERAL OFFICE**                                                              **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff states that he was booked into jail on 39 fake felonies after he reported an attempt on his life to the FBI and the Attorney General's Office by two drug task force agents. Plaintiff alleges that a year later Quinton Wright and his partner with the Logan County Sheriff's Department kidnapped him and attempted to kill him "the second time." He states that the Drug Task Force detectives who "tried to kill me a year prior had hijacked my brain." He alleges that he has been "mentally abused for three years that this MTD Bluetooth fly has been in my left ear." He states that after "ratting on the Drug Task Force for my first attempted murder I was kidnapped brought to jail and cut with a knive 7 times to the bone and never gave medical treatment one time." He alleges that he wrote letters to the Attorney General and the FBI "to tell them that I been wrongful imprisoned."

Plaintiff requests compensatory and punitive damages and release from imprisonment.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608. A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

"Numerous cases have rejected as delusional or fantastic claims by prisoners that transmitters, microchips, tracking devices, or other devices have been implanted inside of a prisoner's body or brain to monitor or control his thoughts or activities." *Henry v. Pozios*, No. 2:23-CV-10788, 2023 WL 3213539, at *4 (E.D. Mich. May 2, 2023) (citing, among others, *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (district court did not abuse its discretion when it held that state inmate's claims related to tracking device that prison officials had allegedly implanted in his body to track his movements and thoughts were frivolous, where there was no evidence to support inmate's theory that numerous state officials monitored his thoughts and sent

him inaudible, profane messages); *Abascal v. Jarkos*, 357 F. App'x 388, 390 (2d Cir. 2009) (dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain)).

This Court likewise concludes that this action must be dismissed as frivolous because Plaintiff's claim that local law enforcement hijacked his brain and that he has been mentally abused because of a "Bluetooth fly" in his ear for three years is fantastic or delusional.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: April 12, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

3